IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-01137-NYW-SBP

JAMES STEWART,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

    Defendant.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment ("Plaintiff's Motion for Summary Judgment"), [Doc. 28], and Defendant's Motion for Partial Summary Judgment ("Defendant's Motion for Summary Judgment"), [Doc. 34]. Upon review of the Motions and the related briefing, the applicable case law, and the record before the Court, the Court concludes that oral argument would not materially assist in the resolution of these matters. For the following reasons, Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment are respectfully **DENIED**.

## BACKGROUND

This case arises out of an automobile collision and subsequent dispute over the payment of underinsured motorist ("UIM") benefits between Plaintiff James Stewart ("Plaintiff" or "Mr. Stewart") and his insurance company, American Family Mutual Insurance Company, S.I. ("Defendant" or "American Family"). *See* [Doc. 6]. Mr. Stewart asserts three claims against American Family related to the benefits dispute: (1) breach

of contract; (2) unreasonable delay or denial of insurance benefits in violation of Colo. Rev. Stat. §§ 10-3-1115 and -1116 ("statutory bad faith"); and (3) bad faith breach of contract ("common law bad faith").  [*Id.* at ¶¶ 64–81].

Both Parties have filed motions under Rule 56 of the Federal Rules of Civil Procedure seeking partial summary judgment in their favor.  Plaintiff seeks summary judgment in his favor on his statutory bad faith claim, *see* [Doc. 28], and Defendant seeks summary judgment in its favor on both of Plaintiff's bad faith claims, *see* [Doc. 34].  Both Motions are fully briefed, *see* [Doc. 31; Doc. 32; Doc. 35; Doc. 36], and the Court considers them below.

## LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way.  A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (citation and quotations omitted).

"Cross-motions for summary judgment are treated as two individual motions for summary judgment and held to the same standard." *Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1326 (10th Cir. 2019); *see also Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").  However, the summary-judgment burden slightly differs depending on which party bears the ultimate

burden at trial. A movant that does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant must only point the Court to a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Once this movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). But "if the moving party has the burden of proof [at trial], a more stringent summary judgment standard applies." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). A moving party who bears the burden at trial "must establish, as a matter of law, all essential elements of the issue before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case." *Id.*

When considering the evidence in the record, the Court cannot and does not weigh the evidence or determine the credibility of witnesses. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008). At all times, the Court views each motion in the light most favorable to the nonmoving party. *Banner Bank*, 916 F.3d at 1326.

## UNDISPUTED MATERIAL FACTS

The below material facts are drawn from the summary judgment record and are undisputed unless otherwise noted. Mr. Stewart was involved in a motor vehicle collision on February 22, 2021. [Doc. 28 at ¶ 2; Doc. 31 at ¶ 2; Doc. 6 at ¶ 5; Doc. 10 at ¶ 5]. At the time of the collision, Mr. Stewart held an insurance policy through American Family; the policy provided UIM benefits with limits of $100,000 per person and $300,000 per

collision.  [Doc. 28 at ¶ 10; Doc. 31 at ¶ 10; Doc. 28-1 at 34:19–22];[1] *see generally* [Doc. 34-1].  Mr. Stewart settled with the at-fault driver's insurance company for $25,000, the limits of the driver's insurance policy.  [Doc. 28 at ¶¶ 2, 4–5; Doc. 31 at ¶¶ 2, 4–5; Doc. 6 at ¶¶ 5, 12–13; Doc. 10 at ¶¶ 5, 12–13; Doc. 28-1 at 31:13–15].

On March 12, 2021, Mr. Stewart put American Family on notice of a UIM claim related to the collision, and American Family employee Christina Osborn ("Ms. Osborn")[2] was assigned to adjust the UIM claim.  [Doc. 28 at ¶¶ 7, 9; Doc. 31 at ¶¶ 7, 9; Doc. 6 at ¶ 17; Doc. 10 at ¶ 17; Doc. 28-1 at 5:17–19].  Mr. Stewart then began submitting requests for benefits to American Family; on May 14, 2021, he submitted an initial request, supported with medical bills showing $11,175.05 in extant medical bills.  [Doc. 28 at ¶ 14; Doc. 31 at ¶ 14;[3] Doc. 28-2 at 1].  On August 6, 2021; August 11, 2021; and August 12, 2021, he submitted supplemental requests showing $19,038.52 in extant medical bills and a surgical estimate of $49,037.60 for left wrist surgery.  [Doc. 28 at ¶¶ 15–17; Doc. 31 at ¶¶ 15–17; Doc. 28-3 at 1; Doc. 28-4 at 1; Doc. 28-5 at 1].  American Family subsequently made two *Fisher* payments[4] to Mr. Stewart:  $2,600.54 on September 15,

---

[1] When citing to transcripts, the Court cites to the page and line numbers appearing on the transcript.  In all other instances, the Court cites to the page numbers generated by the CM/ECF system.

[2] Plaintiff's Motion for Summary Judgment identifies Ms. Osborn as "Christine Osborn."  See, e.g., [Doc. 28 at ¶ 8].  However, Ms. Osborn's first name appears to be Christina.  See, e.g., [Doc. 28-1 at 5:12–14].

[3] To the extent Defendant "qualifie[s]" its admission of this statement (and other similar statements) by stating that the request for benefits asked only for "benefits owed at this time," *see* [Doc. 31 at ¶¶ 14–17, 23 (quotation omitted)], these qualifications are not material to the Court's analysis.

[4] In *State Farm Mutual Automobile Insurance Co. v. Fisher*, the Colorado Supreme Court held that Colorado law imposes a duty on insurers "not to unreasonably delay or deny payment of covered benefits, even though other components of an insured's UIM claim

4

2021 and $431.40 on December 6, 2021.  [Doc. 28 at ¶¶ 18–19; Doc. 31 at ¶¶ 18–19; Doc. 28-1 at 52:15–21, 57:12–15].

On February 17, 2022, Mr. Stewart demanded resolution of his UIM claim for the $100,000 policy limit.  [Doc. 28 at ¶ 20; Doc. 31 at ¶ 20; Doc. 28-6 at 1–2].  American Family then sent a third *Fisher* payment to Mr. Stewart on March 11, 2022, in the amount of $2,055.87.  [Doc. 28 at ¶ 21; Doc. 31 at ¶ 21; Doc. 28-1 at 64:19–22, 66:1–7].  Mr. Stewart submitted another request for benefits to American Family on February 16, 2023, this time supported by $37,125.13 in extant medical bills.  [Doc. 28 at ¶ 23; Doc. 31 at ¶ 23; Doc. 28-8 at 1].

American Family reviewed Mr. Stewart's file, medical records, and medical bills on March 23, 2023.  [Doc. 28 at ¶ 24; Doc. 31 at ¶ 24; Doc. 28-1 at 73:7–24].  It calculated that Mr. Stewart had incurred a total of $32,277.55 in medical expenses, [Doc. 28 at ¶ 25; Doc. 31 at ¶ 25; Doc. 28-9 at 1], and issued a fourth *Fisher* payment in the amount of $2,189.74, for a total of $7,277.55 in *Fisher* payments, [Doc. 28 at ¶¶ 25, 27; Doc. 31 at ¶¶ 25, 27; Doc. 28-1 at 74:13–20; Doc. 28-9 at 1].  American Family did not include damages for future medical expenses, pain and suffering, impairment, general damages, inconvenience, emotional stress, or impairment of quality of life in its evaluation.  [Doc. 28 at ¶¶ 29–30; Doc. 31 at ¶¶ 29–30; Doc. 28-1 at 79:1–19].  Plaintiff initiated this lawsuit on April 6, 2023, [Doc. 6 at 1], and on April 13, 2023, American Family agreed to tender the remainder of the available policy limits to Mr. Stewart, [Doc. 28 at ¶ 34; Doc. 31 at ¶ 34; Doc. 28-12 at 1].

---

may still be reasonably in dispute."  418 P.3d 501, 504 (Colo. 2018).  These payments are now known as "*Fisher* payments."

5

## ANALYSIS

**I.      Bad Faith Claims Under Colorado Law**

There are two types of bad faith claims available under Colorado law: common law bad faith and statutory bad faith. *Dowgiallo v. Allstate Ins. Co.*, No. 19-cv-03035-KMT, 2020 WL 1890668, at *2 (D. Colo. Apr. 16, 2020). Colorado statutes impose certain obligations on insurance companies, instructing that insurers "shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." Colo. Rev. Stat. § 10-3-1115(1)(a). To succeed on a claim under this statute, an insured must establish that (1) the insurer delayed or denied payment of benefits to the insured, and (2) the delay or denial was without a reasonable basis. *Am. Fam. Mut. Ins. Co. v. Barriga*, 418 P.3d 1181, 1185–86 (Colo. 2018).

Insurers also have common law duties to deal in good faith with their insureds. *Am. Fam. Mut. Ins. Co. v. Allen*, 102 P.3d 333, 342 (Colo. 2004). "Due to the 'special nature of the insurance contract and the relationship which exists between the insurer and the insured,' an insurer's breach of the duty of good faith and fair dealing gives rise to a separate cause of action arising in tort." *Goodson v. Am. Standard Ins. Co. of Wis.*, 89 P.3d 409, 414 (Colo. 2004) (quoting *Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 466 (Colo. 2003)). "The requirements of a common law bad faith claim under Colorado law are heightened in comparison to those of a statutory bad faith claim." *Butman Fam. Inv. Ltd. P'ship v. Owners Ins. Co.*, No. 19-cv-01638-KLM, 2020 WL 1470801, at *8 (D. Colo. Mar. 25, 2020). In addition to demonstrating that the insurer delayed or denied benefits without a reasonable basis, "a common law insurance bad

faith claim requires the insured to [prove] . . . that the insurer knowingly or recklessly disregarded the validity of the insured's claim." *Id.*

"The reasonableness of the insurer's conduct is determined objectively and is 'based on proof of industry standards.'" *Schultz v. GEICO Cas. Co.*, 429 P.3d 844, 847 (Colo. 2018) (quoting *Goodson*, 89 P.3d at 415); *see also Bankr. Est. of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 523 (Colo. App. 2008) ("[T]he question is whether a reasonable insurer under the circumstances would have denied or delayed payment of the claim."). Typically, whether an insurance company acted reasonably in the handling of a claim for benefits is a "question of fact for the jury." *Vaccaro v. Am. Fam. Ins. Grp.*, 275 P.3d 750, 759 (Colo. App. 2012). But "in appropriate circumstances," such as "when there are no genuine issues of material fact, reasonableness may be decided as a matter of law." *Id.*

## II. Plaintiff's Motion for Summary Judgment

Mr. Stewart seeks summary judgment in his favor on his statutory bad faith claim, arguing that the undisputed facts show that "American Family did not attempt in good faith to effectuate a prompt, fair, and equitable settlement of Mr. Stewart's UIM claim where liability and benefits owed had become reasonably clear." [Doc. 28 at 14]. He claims that the undisputed facts show that "American Family had all the available information to complete its investigation [into his claim for benefits] on February 16, 2023" but that it "failed to conduct a reasonable investigation of [his] claim" after receiving that information, thus resulting in the delay in the payment of benefits. [*Id.* at 13–14]. Mr. Stewart relies on two categories of evidence in support: (1) the fact that American Family "cannot explain" certain aspects of its evaluation of Plaintiff's claim, citing to portions of Ms. Osborn's deposition, *see* [*id.* at 13]; and (2) the fact that American Family had all relevant

7

information as of February 16, 2023, including when it evaluated his claim on March 23, 2023, and his medical records had not changed when American Family paid Plaintiff the full policy amount on April 13, 2023, [*id.* at 14–15].  Notably, Plaintiff does not expressly argue that American Family violated its obligation to pay non-disputed benefits under *Fisher*.  *See* [*id.* at 7–10, 12–15].

In its Response, American Family argues, inter alia, that it "complied with virtually every aspect of applicable Colorado law when it came to the adjustment of this claim." [Doc. 31 at 10 (emphasis omitted)].  As for any delay in the full evaluation of Plaintiff's UIM claim, Defendant contends that Ms. Osborn had a reasonable basis for not conducting a "full evaluation" of Plaintiff's UIM claim, including his non-economic damages, until after this lawsuit was filed.  [*Id.* at 10–11].  Specifically, Defendant asserts that Plaintiff's counsel informed American Family throughout the claims process that Mr. Stewart was still undergoing medical treatment and was contemplating surgery.  [*Id.* at ¶ 44];[5] *see also, e.g.*, [Doc. 31-2 at 6 ("Mr. Stewart continues to receive treatment through his primary care physician, . . . which includes post-concussion syndrome treatment and treatment for continuing migraine headaches.  Mr. Stewart is also receiving treatment for left posttraumatic de Quervain's from Dr. Lawrence G. Sullivan, who is considering surgery.")].  Ms. Osborn stated in her deposition that, based on her review of the claim file, it "would have been premature" to evaluate Plaintiff's general damages while he was

---

[5] More specifically, American Family states that "[i]n *each of the letters* sent to the UIM adjuster by plaintiff's counsel containing updated medical records and related medical bills, the letter repeatedly advised the adjuster that plaintiff was still undergoing medical treatment and that he was contemplating one or more proposed surgical procedures." [Doc. 31 at ¶ 44 (emphasis added)].  However, the representation that "each" letter contained this representation is not supported by the cited letters.  *See, e.g.*, [Doc. 31-2 at 3, 4].

8

still receiving medical treatment. [Doc. 28-1 at 55:6–12]. American Family argues that Ms. Osborn has "reasonably explained" the basis for any delay in completing a "full evaluation" of Mr. Stewart's UIM claim and there is thus no basis to find that American Family unreasonably delayed or denied payment of benefits. [Doc. 31 at 11].[6]

The Court agrees with American Family that Mr. Stewart has not demonstrated that he is entitled to summary judgment on his statutory bad faith claim. Mr. Stewart claims that American Family "failed to conduct a reasonable investigation of [his] claim after receiving all the available information to complete its investigation," i.e., after February 16, 2023, and that American Family "did not attempt in good faith to effectuate a prompt, fair, and equitable settlement of [his] UIM claim where liability and benefits owed had become reasonably clear." [Doc. 28 at 9]. He appears to take this position due to the fact that American Family, just weeks after it valued Plaintiff's claim at $32,277.55, agreed to pay him the full policy limits. *See* [*id.* at 9–10, 14–15]. But Plaintiff has not directed the Court to any legal authority showing that evidence that American Family paid the full policy limits after Plaintiff filed this lawsuit is sufficient, by itself, to demonstrate bad faith on the part of American Family. *See* [*id.* at 14–15].

Moreover, while it is Plaintiff's position that American Family's delay in resolving his claim was unreasonable and that American Family "cannot explain" its actions, American Family takes the position that it was reasonable for Ms. Osborn to hold off on conducting a full evaluation of Plaintiff's damages during the pendency of the claims-

---

[6] American Family also makes legal arguments about what legal duties it did or did not owe to Plaintiff in handling his UIM claim. *See, e.g.*, [Doc. 31 at 5–6, 8–10]. Because the Court finds that Plaintiff's Motion for Summary Judgment must be denied due to the existence of a fact issue for the jury to resolve, the Court need not and does not address these legal arguments.

9

handling process because Mr. Stewart was still receiving medical treatment.  *See* [Doc. 31 at 10–11].  The determination of whether American Family's conduct was reasonable in these circumstances cannot be made by the Court on summary judgment; rather, the reasonableness of Defendant's conduct is a question of fact for the jury to decide, based on proof of industry standards.  *Vaccaro*, 275 P.3d at 759; *Schultz*, 429 P.3d at 847; *see also Foote v. State Farm Fire & Cas. Co.*, No. 20-cv-02342-RMR-MEH, 2023 WL 8780763, at *4 (D. Colo. Dec. 19, 2023) ("It is not for the Court to decide at this stage the credibility of witnesses or the weight to give each piece of evidence; that job must fall to the jury, who is best positioned to make such determinations.").  Similarly, it is up to the jury to determine whether the length of time between American Family receiving "all the available information to complete its investigation" on February 16, 2023 and its eventual payment of the Policy limits on April 13, 2023 amounts to an unreasonably delay in the payment of benefits.  *Cf. Iwaskow v. Safeco Ins. Co. of Am.*, No. 21-cv-00005-PAB-SBP, 2023 WL 6376712, at *7 (D. Colo. Sept. 29, 2023) ("Under Colorado law, there is no brightline rule for the length of time that constitutes per se unreasonable delay in evaluating a claim.").

In sum, Plaintiff has not demonstrated that "there is no genuine dispute as to any material fact and [that he] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Accordingly, Plaintiff's Motion for Summary Judgment is respectfully **DENIED**.

### III. Defendant's Motion for Summary Judgment

Next, American Family moves for summary judgment in its favor on both of Plaintiff's bad faith claims.  *See generally* [Doc. 34].  Defendant's Motion is, in essence, a second response to Plaintiff's Motion for Summary Judgment, as it attempts to directly

counter the arguments made in Plaintiff's Motion for Summary Judgment instead of providing independent reasons why, based on the undisputed facts, Defendant is entitled to judgment as a matter of law.  See [*id.* at 8–9 ("In his original Motion for Partial Summary Judgment, Plaintiff essentially argues that American Family:  (1) failed to issue advance payments for non-economic damages and/or for proposed future medical treatment, (2) failed to timely prepare a 'full evaluation' during the pendency of active and ongoing medical treatment, and (3) failed to timely settle or pay the entire balance of the UIM coverage.  For the reasons set forth below, all three arguments fail under Colorado law." (citation omitted))].

By framing its Motion as responsive to the arguments raised in Plaintiff's Motion for Summary Judgment, Defendant has not met its burden to demonstrate its entitlement to judgment as a matter of law.  Plainly, Defendant takes the position that it acted reasonably in evaluating and handling Plaintiff's claim.  *See, e.g.*, [*id.* at 11–12 ("[T]he UIM adjuster reasonably took the position that it would have been premature for her to have prepared a 'full evaluation,' to include non-economic damages, given the active and ongoing medical treatment and consideration of proposed surgical options.")].  But Defendant's belief that it acted reasonably is insufficient to entitle it to summary judgment; as explained above, the reasonableness of American Family's conduct must be decided by the jury.  *Vaccaro*, 275 P.3d at 759; *see also Buell Cabinet Co.*, 608 F.2d at 433 ("[T]he denial of one [cross-motion for summary judgment] does not require the grant of another.").

At best, Defendant's Motion could be construed to argue that Plaintiff lacks evidence on an essential element of his bad faith claims because he "has not come

11

forward with any objective industry standard as to when a UM/UIM adjuster is required to prepare a 'full evaluation.'" [Doc. 34 at 11 (emphasis omitted)]. But as Defendant then immediately concedes, "there is no identifiable industry standard on that issue." [*Id.*]; *see also Iwaskow*, 2023 WL 6376712, at *7 ("[T]here is no brightline rule for the length of time that constitutes per se unreasonable delay in evaluating a claim."). Furthermore, the Court is not convinced that Plaintiff must identify a specific industry standard governing "when a UM/UIM adjuster is required to prepare a 'full evaluation'" to demonstrate unreasonableness. "[A]ny inquiry into an insurer's reasonableness . . . is fact-specific," judged "by the entire course of conduct between the parties and . . . all information known by the insurer at the time a decision is made." *Seabron v. Am. Fam. Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2013 WL 3713652, at *9 (D. Colo. July 16, 2013). Moreover, insurance industry standards are typically presented in a more generalized fashion. Here, Plaintiff argues that American Family acted unreasonably by (1) denying his claim without a reasonable investigation; (2) not attempting in good faith to effectuate the fair and prompt settlement of his claim; and (3) compelling him to institute this lawsuit to recover benefits owed. [Doc. 35 at 6, 8–9]; *see also Allen*, 102 P.3d at 344 (explaining that Colorado's Unfair Claims Practices Act "may be used as valid, but not conclusive, evidence of industry standards"); Colo. Rev. Stat. § 10-3-1104(1)(h)(IV)–(VII) (stating that unfair claims settlement practices include (1) refusing to pay claims without a reasonable investigation; (2) not attempting in good faith to effectuate the prompt and fair settlement of claims; and (3) compelling the insured to initiate litigation to recover benefits). It will be up to the jury to determine, based on the facts and circumstances of this case, whether American Family acted reasonably in light of these industry standards.

12

Finally, to the extent Defendant argues that it is entitled to summary judgment because Plaintiff could not identify any unreasonable conduct by Defendant during his deposition, *see* [Doc. 34 at 14], the Court is respectfully unpersuaded by this argument, which is not supported by any legal authority. Plaintiff's failure to identify specific conduct he believes is unreasonable during his deposition does not negate Plaintiff's position throughout this litigation that American Family acted unreasonably, nor does it demonstrate a lack of genuine disputes of fact with respect to American Family's reasonableness. To the extent American Family believes Mr. Stewart's deposition testimony helps its case, it may present that evidence to the jury.

In sum, Defendant has not demonstrated that it is entitled to summary judgment on Plaintiff's bad faith claims. Fed. R. Civ. P. 56(a). Defendant's Motion for Summary Judgment is respectfully **DENIED**.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Plaintiff's Motion for Partial Summary Judgment [Doc. 28] is **DENIED**;

(2) Defendant's Motion for Partial Summary Judgment [Doc. 34] is **DENIED**; and

(3) A telephonic Status Conference is **SET** for **August 27, 2024 at 1:30 p.m.**, for purposes of setting a Final Pretrial/Trial Preparation Conference and trial date in this matter. The Parties shall participate using the following dial-in information: **888-363-4749; Access Code: 573896#**.

DATED: August 9, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge